### ST. LOUIS-SAN FRANCISCO RY. CO. v. BRUIN et al.

(Circuit Court of Appeals, Eighth Circuit. March 15, 1920.)

No. 5453.

**Taxation ⊚⟹301(1)—Extension of levy by treasurer under court's mandate, without order of excise board, is not valid.**

Where the state Supreme Court had issued a mandate requiring the excise board to levy certain school taxes, which it had omitted, but the board took no action thereon, though the county treasurer, who was one member of the board, without an order from the board, extended the levy, the taxes so levied were invalid.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Joseph W. Woodrough, Judge.

Action by the St. Louis-San Francisco Railway Company against J. E. Bruin and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with instructions to enter judgment for plaintiff.

W. F. Evans, of St. Louis, Mo., and R. A. Kleinschmidt and Fred E. Suits, both of Oklahoma City, Okl., for plaintiff in error.

George L. Burke, of Sapulpa, Okl., for defendants in error.

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before SANBORN and CARLAND, Circuit Judges, and VAN VALKENBURGH, District Judge.

CARLAND, Circuit Judge. This is an action brought, we assume, under the provisions of section 7549n, Bunn's Anno. Supplement to the Revised Laws of Oklahoma, permitting such an action where the illegality of the tax is alleged to arise by reason of some action from which the law provides no appeal. This section provides that taxes paid under protest shall be held by the officer collecting same for 30 days, and if suit shall be commenced within that time they shall be held until suit is determined. The railway company, hereafter plaintiff, brings the action against the county treasurer of Creek county, Okl., hereafter defendant, to recover back $3,925.86 paid as taxes by the plaintiff under protest. The case was tried below upon a stipulation of facts, a jury being waived. Judgment was rendered against the plaintiff, and it has removed the case here assigning error. It appears from the stipulation of facts that on June 14, 1917, the plaintiff paid the above amount to the then county treasurer of Creek county, as taxes under protest, and that this suit was brought July 11, 1917; that the board of education of school district No. 33, which includes the city of Sapulpa and certain territory annexed thereto, at a regular meeting held on May 18, 1916,

"prepared its estimate for the amount of money that would be required to be raised by taxation in support of the schools of said school district, and that the amount was determined and fixed at $58,000; that it was ascertained at said meeting that an addition of 4.5 mills over the 5-mill levy authorizing by law would be required, and that at a special election held as provided by law on May 24, 1916, said additional levy of 4.5 mills was authorized by the vote of the electors of said school district in the manner and form prescribed by law, and the result of said election certified to the excise board in the manner prescribed by law.

"That subsequent thereto, and on, to wit, October 2d, 1916, and prior to the time that the excise board took action upon said estimate, the board of education of the city of Sapulpa made an additional estimate and had same published and certified in the manner prescribed by law, wherein it provided for the raising of $150,000 for purchasing site and for erecting and equipping a modern high school in the city of Sapulpa, and to provide for said estimate the said board of education did, by resolution, set apart and appropriate the gross production tax on oil and gas apportioned to said school district by the state of Oklahoma, amounting to $59,192.70 for the scholastic year ending June 13, 1917."

The board also estimated that it would require a levy of 2.45 mills in order to raise the sinking fund required by law and a levy of 9 mills to raise the amount of $58,000 estimated for current expenses.

"That on or about the 15th day of November, 1916, the excise board met and approved said estimate with the amendments thereto, and authorized and directed the county clerk to certify same to the county treasurer, whereupon Vic S. Decker, as county judge, and Stella Bayless, as county superintendent of public instruction, signed in blank a certificate authorizing the clerk to make the proper insertion. Subsequent thereto and within the next day or two, three members of the excise board, to wit, J. E. Bruin, county treasurer, Roy T. Wildman, county attorney, and Gus L. Corey, county clerk, went into session, the county judge, Vic S. Decker, and Stella Bayless, superintendent of public instruction, being absent, certified to the assessor the estimate, disallowing the 9-mill levy required to raise the current expenses, and allowing only

the 2.45 mills required for raising the sinking fund, and appropriating the gross production tax that had been set apart for Oklahoma school purposes for current expenses for the scholastic year ending June 30, 1917; the same estimate formerly signed by Vic S. Decker, county judge, and Stella Bayless, county superintendent, being used by said three members of the excise board upon certifying said levy to the assessor. Whereupon the assessor for Creek county, Okl., extended the taxes over and against the property of the plaintiff on the basis of 2.45 mills as certified by said excise board.

"That subsequent to the filing of said estimate with the excise board, and the certification of said levy to the assessor, the board of education of the city of Sapulpa filed an original petition in the Supreme Court of the state of Oklahoma against the excise board, and in said case procuring an order from the Supreme Court of the state of Oklahoma directing the excise board of Creek county to certify said original and amended estimate and the levy as called for thereunder by said board of education, and that the taxes be extended against the assessed value of all property in said school district according to the estimate and amendment as filed by the board of education with said excise board; a certified copy of the opinion of the Supreme Court and mandate thereto attached being attached hereto, marked 'Exhibit B,' and made a part of this agreed statement of facts.

"That at the time said original mandamus suit was filed in the Supreme Court of the state of Oklahoma the personnel of the county excise board was as follows: Gus Corey, county clerk; Stella Bayless, superintendent of public instruction; Roy T. Wildman, county attorney; J. E. Bruin, county treasurer; J. V. Frazer, county judge, succeeding Vic S. Decker—and when the Supreme Court of the state of Oklahoma rendered its opinion, attached hereto and marked 'Exhibit B,' Roy T. Wildman, county attorney, had been succeeded by Earl Foster; that no action was ever taken by the members of the excise board toward carrying out the mandate of the Supreme Court, but J. E. Bruin, then county treasurer of said Creek county, Okl., extended the taxes upon the tax rolls of said county in accordance with the mandate of the Supreme Court.

"That the amount sued for herein by the plaintiff, St. Louis-San Francisco Railway Company, to wit, $3,925.86, represents the amount of taxes assessed against its property by reason of the extension of said levy upon the tax rolls by the said J. E. Bruin, county treasurer."

The Supreme Court of Oklahoma in the case referred to in the stipulation of facts decided that neither the officers of the excise board who participated in the second meeting nor the board itself had authority to vacate and set aside the valid proceedings of the board of education, because of the action of the latter in setting aside the gross production tax for the current year as a high school building fund. The Supreme Court therefore issued its writ of mandamus, commanding the excise board to do and perform the duties enjoined upon it by law, agreeable to the action had at its first meeting on November 15, 1916, and that the levies so made be certified and extended upon the tax rolls for the year 1916 on the taxable property of the school district; that is, the Supreme Court decided that the case should stand as if there had been no subsequent meeting of the excise board after the meeting held on November 15, 1916, at which said board approved the estimate and the amendments thereto made by the board of education. Section 7379, Rev. Laws of Oklahoma 1910, provides as follows:

"There is hereby created in each organized county in this state an excise board, to be composed of the following county officers, to wit: County clerk, county treasurer, county judge, county superintendent and county attorney, who shall perform the duties as herein provided without additional compen-

sation. The county judge shall be chairman of the board and the county clerk secretary."

Section 7380, R. L. 1910, provides:

"When they [excise board] shall have approved each estimate, if the same shall be within the limits for current expenses, provided by the first section of this article, and shall have ascertained the assessed valuation of property taxed ad valorem in the county and in each municipal subdivision thereof, and shall have ascertained the probable income of the county and of each municipal subdivision thereof from all sources other than ad valorem taxation, they shall thereupon make the levy therefor, adding thereto the amount ascertained to be necessary for a sinking fund which, with the money already in such fund, shall be sufficient to pay, at maturity, all bonded indebtedness of such municipality, and for the interest coupons falling due on the outstanding bonds of such municipality; to the total amount so ascertained to be necessary for current expenses, sinking fund and interest coupons shall be added ten per cent. for delinquent taxes. The levies so made by them shall be certified to the county clerk, who shall extend the same upon the tax roll."

It appears from the stipulation of facts that no action was ever taken by the members of the excise board toward carrying out the mandate of the Supreme Court; that is, the board never certified the levy of 9 mills approved and made on November 15, 1916, to the county clerk or assessor, so that either of said officers could extend the same upon the tax rolls. The plaintiff paid the levy of 2.45 mills, which was lawfully certified to the county clerk and extended upon the tax roll. The amount now sued for is the 9-mill levy for current expenses, which according to the record was never certified to the county clerk or assessor, or extended upon the tax rolls by said officers, or either of them. J. E. Bruin, county treasurer, did extend the taxes upon the tax rolls of said county; but Bruin was not the excise board, only one of its members. The question, then, for decision is: Can the extension of the levy for current expenses upon the tax rolls by Bruin, county treasurer, take the place of the requirement of the law and the mandate of the Supreme Court? Section 13, chapter 152, Session Laws 1910–1911, provides that the county excise board shall certify all levies to the assessor, and he shall proceed on receipt of same to make out the tax rolls, and when complete shall file same with the county treasurer, and a true and correct abstract of the same with the county clerk. Whether section 13, above referred to, supersedes section 7380, R. L. 1910, need not be decided, for there was no compliance with either by the excise board, the county clerk, or assessor. Whatever was done was done by the county treasurer, an officer not empowered by law to perform the duties which he attempted to perform. We are of the opinion that the 9-mill levy never became a legal charge against the property of the plaintiff, and that it is entitled to recover the same from the county treasurer, by whom, in accordance with law, the money has been retained since its payment.

Judgment below reversed, and the case remanded, with instructions to enter judgment for the plaintiff for the amount claimed, with costs.