C. PAULDING RHYNUS, Plaintiff, *v.* REUBEN F. SHAFFER et al, Defendants.

Supreme Court, Dutchess County, December 21, 1940.

*John B. Van De Water* and *Alexander C. Dow* for plaintiff.
*Sachs & Picket* for David Schauben, defendant.

ALDRICH, J. The counterclaim contained in the answer is dismissed upon the merits and judgment rendered for the plaintiff for the foreclosure of the mortgage referred to in the complaint. The tax title under which the defendant Schauben claims is void.

Section 91 of the Charter of the City of Poughkeepsie (L. 1896, ch. 425) provides with reference to tax deeds that "such conveyance shall be conclusive evidence that the sale and subsequent proceedings were regular, and presumptive evidence that all previous proceedings were regular and according to law."

The Charter makes a specific provision for the method by which taxes shall be assessed and apportioned. By section 53 of the Charter the City Chamberlain was required to certify to the Board of Supervisors the total amount of the assessment roll, et cetera, and the Board of Supervisors was required to certify to the Chamberlain the amount of taxes for State and county purposes assessed upon the City, and the Chamberlain was required to extend and apportion said taxes on the assessment roll, together with the city taxes. The City Charter with respect to the effect of the conveyance only makes the conveyance presumptive evidence of the regularity of the proceedings before the sale. That provision places upon the plaintiff here, claiming against the tax sale, the obligation to go forward with the evidence to establish the invalidity of such prior proceedings. That burden has been successfully sustained here by the plaintiff. It affirmatively appears that the City Chamberlain never did certify to the Board of Supervisors the total amount of the assessment roll. The Board of Supervisors never certified to the Chamberlain the amount of the taxes for State and county purposes assessed upon the City. The power of the City Chamberlain to extend and apportion such taxes was dependent upon the certificate from the Board of Supervisors provided for by the statute. He had no authority to extend or apportion any such taxes in the absence of such certificate. It must, therefore, be concluded that the amount of the alleged levy for State and county purposes was never legally included upon the assessment roll of the City. (See *St. Louis-San Francisco Ry. Co.* v. *Bruin,* 264 F. 789; *City of McLaughlin* v. *Turgeon,* 75 F. 2d 402; *City of Huron* v. *Evensen,* 113 F. 2d 598.) The sale in question was for the failure to pay such taxes as well as the general taxes levied by the City itself. Under the usual rule where a part of the taxes for which the alleged sale is made is illegal, the whole tax sale falls.

Settle findings and judgment on two days' notice at Chambers, Poughkeepsie. The exhibits submitted will be held until the decision and judgment are signed unless they may be needed by the counsel for the preparation of such papers, in which event the counsel are requested to call at Chambers for the delivery of such exhibits.